# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MCDONALDS INCORPORATED, et al.,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00204-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER FAILURE TO PROSECUTE AND FAILURE TO PAY FILING FEE<br><br>(ECF No. 5)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Candace Smith ("Plaintiff"), proceeding *pro se*, filed a complaint in this action on February 15, 2024. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Upon review of the application, the Court found Plaintiff's application to proceed *in forma pauperis* was incomplete. (ECF No. 3.) Specifically, Plaintiff stated she was currently employed but failed to state her take-home salary or wages. (Id. at 1.) On February 20, 2024, the Court issued an order notifying Plaintiff she must submit a complete application if she wishes for her application to proceed *in forma pauperis* to be considered by the Court and ordered a completed short form application be submitted within thirty (30) days of service of the order. (Id.)

1      On February 23, 2024, Plaintiff filed a second application to proceed *in formal pauperis*. 2 (ECF No. 4.)  However, Plaintiff stated she is not employed due to a car accident as of February 3 7, 2024, which is a different response than that provided in her first application filed on February 4 15, 2024. (ECF No. 4.)   Plaintiff also responded "no" to question number 3(a) requesting 5 information regarding whether she has received income from a business, profession, or other 6 self-employment in the past twelve months. (Id.)  If Plaintiff was employed "as of February 7, 7 2024" as stated in question two, she should have indicated her income in the past twelve months 8 in response to question three.  On February 26, 2024, the Court issued an order stating it cannot 9 determine from the information provided in both short form applications whether Plaintiff is 10 entitled to proceed in this action without prepayment of fees.  (ECF No. 5.)  Accordingly, the 11 Court ordered Plaintiff to complete and file an Application to Proceed in District Court Without 12 Prepaying Fees or Costs (Long Form) – AO 239 or, alternatively, pay the filing fee in this action 13 within thirty days.  (Id. at 2.)  Plaintiff has not filed an application nor paid the filing fee by the 14 deadline to do so.

15      Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these 16 Rules or with any order of the Court may be grounds for imposition by the Court of any and all 17 sanctions . . . within the inherent power of the Court."  The Court has the inherent power to 18 control its docket and may, in the exercise of that power, impose sanctions where appropriate, 19 including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 20 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

21      A court may dismiss an action based on a party's failure to prosecute an action, failure to 22 obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 23 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 24 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended 25 complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to 26 comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. 27 United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply 28 with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff has neither filed a long form application to proceed *in forma pauperis*, paid the filing fee, nor otherwise responded to the Court's order. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's February 26, 2024 order

expressly stated: "Failure to comply with this order will result in dismissal of this action." (ECF No. 5.) Thus, Plaintiff had adequate warning that dismissal of this action would result from noncompliance with the Court's order. Further, Plaintiff may still file an application to proceed *in forma pauperis* during the objection period and the Court will consider the application.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to pay the filing fee or file a completed application to proceed *in forma pauperis* in this action, failure to abide by the Court's order, and failure to prosecute.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 5, 2024**

UNITED STATES MAGISTRATE JUDGE