# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>MCDONALDS INCORPORATED, et al.,<br><br>Defendants. | Case No. 1:24-cv-00204-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

Candace Smith ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action on February 15, 2024. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)

(affirming *sua sponte* dismissal for failure to state a claim).  The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against McDonalds Incorporated, Claudia (a manager), and Uber Technologies under 28 U.S.C. § 1332(a). (Compl. 2-3,[1] ECF No. 1.) Plaintiff is a citizen of California and alleges that McDonalds is a citizen of California. (Id. at 4.)

While not entirely clear, it appears that while working as an Uber driver, Plaintiff went to McDonalds to pick up an order.  Someone refused to give her the order, causing her to lose her employment. (Id. at 5.)  Plaintiff alleges that McDonalds and Uber Technologies committed a terror and hate attack against her.  Uber Technologies refused to compensate her and stole her wages.  Uber Eats committed a hate crime. (Id.)

## III.

## DISCUSSION

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to establish this Court's jurisdiction.  For the reasons set forth below, the Court recommends that the complaint in this action be dismissed without leave to amend.

### A.     Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

Plaintiff's complaint is not a plain statement of her claims. While the complaint is short, it does not clearly state what happened. Plaintiff alleges that she was working as an Uber driver, and someone refused to give her an order which caused her to lose her employment. While Plaintiff alleges terror attack and racial hate crimes, there are absolutely no allegations of any threatening or harassing conduct. Further, while Plaintiff names McDonalds and Claudia as defendants, there are no specific allegations as to either of these defendants.

### B.    Federal Court Jurisdiction

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

In order to state a claim by virtue of diversity of citizenship, Plaintiff is required to plead the essential elements of diversity jurisdiction. Bautista v. Pan American World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987). Plaintiff alleges that both she and McDonalds Incorporated are citizens of California. Since Plaintiff alleges that both she and McDonalds are citizens of California, the parties are not diverse and diversity jurisdiction does not exist in this action.

Further, to the extent that the conduct complained of could actually state a claim based on

the allegations in the complaint, the proper defendant would be the individuals who interacted with Plaintiff at the restaurant when she attempted to pick up the delivery. Since Plaintiff is a citizen of California and the workers at the restaurant would also be citizens of California diversity of citizenship does not exist in this action.

### C. Leave to Amend

A pro se litigant's complaint should not be dismissed "without leave to amend 'unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.' " Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); accord Madeja v. Olympic Packers, LLC., 310 F.3d 628, 636 (9th Cir. 2002). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC, 316 F.3d at 1052.

In this instance, the Court finds that amendment of the complaint would be futile as Plaintiff and all defendants allegedly involved in the incident in the complaint do not have diverse citizenship. Accordingly, the Court recommends that the complaint be dismissed without leave to amend.

### IV.

### CONCLUSION AND RECOMMENDATION

Plaintiff's complaint fails to establish jurisdiction and fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Based upon the allegations in Plaintiff's complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support diversity of

citizenship exists in this action and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint, filed February 15, 2024, be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **twenty-one (21) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 6, 2024**

UNITED STATES MAGISTRATE JUDGE